EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARIETTI, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por libelo infamatorio.

No. 2041.—Resuelto en abril 2, 1923.

LIBELO—CAUSA DE ACCIÓN—DENUNCIA INSUFICIENTE.—No constituye libelo el imputar a una persona el haber comprado, con intención de lucrarse, medicinas que habían sido hurtadas, cuando no se imputa al comprador el previo conocimiento de que habían sido hurtadas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. B. Fornaris.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Tanto el acusado apelante como el Fiscal de este Tribunal Supremo solicitan que revoquemos la sentencia que se dictó en este caso y que absolvamos al acusado.

Domingo Marietti fué denunciado por Diego Vélez Gotay por delito de libelo infamatorio imputándole que el 13 de junio de 1922 y en Yauco, el citado Domingo Marietti, de una manera ilegal, maliciosa y voluntaria y sin causa probable formuló una denuncia escrita contra Diego Vélez Gotay con la maliciosa intención de difamarle, tendente a impugnar su honradez, al aseverar bajo juramento que el denunciante Diego Vélez Gotay "de una manera ilegal, voluntaria y maliciosa y con la intención de lucrarse compró medicinas sustraídas de la Farmacia Municipal de Yauco, cuyos medicamentos estaban dedicados al servicio de los pobres," exponiendo así el denunciante Diego Vélez Gotay al odio, desprecio y ridículos públicos.

El acusado Domingo Marietti formuló contra esa denuncia la excepción de que no aduce hechos constitutivos de delito y entendemos que debió ser sostenida por el tribunal inferior porque la denuncia hecha por Marietti contra Vélez Gotay y por la cual se persigue ahora el delito de libelo no imputó a Vélez Gotay delito alguno pues el hecho atribuído a Vélez Gotay de que con intención de lucrarse compró medicinas sustraídas de la Farmacia Municipal de Yauco no es constitutivo del delito de hurto especificado en. el artículo 438 del Código Penal toda vez que no alegó que tales medicinas fueran compradas por él sabiendo que eran hurtadas, requisito que es esencial para que ese delito exista, según hemos declarado en el caso de *El Pueblo* v. *Acevedo,* 18 D. P. R. 236. Por consiguiente, resultando de la denuncia que motiva esta apelación que Marietti no imputó a Vélez

Gotay delito alguno en la denuncia que contra él formuló, no expone hechos constitutivos del delito de libelo y la sentencia condenatoria dictada contra el apelante debe ser revocada y absuelto el acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.